Charles H. Lonardo, Joplin, Mo., for debtor.

Thomas L. Williams, trustee, Roberts, Fleishaker & Williams, Joplin, Mo., for trustee.

---

### In the Matter of Patricia Anne VOLK, Debtor.

### Thomas L. WILLIAMS, trustee, Movant

### v.

### Patricia Anne VOLK, Respondent.

### Bankruptcy Code No. 88–01961–SW–7–DJS.

United States Bankruptcy Court, W.D. Missouri, Southwestern Division.

Aug. 25, 1988.

Order Denying Movant's "Motion to Alter, Amend or Vacate the Order Denying Movant's 'Motion For Expansion of Time in Which to File Complaint Objecting to Discharge'" Sept. 12, 1988.

### ORDER DENYING MOVANT'S "MOTION FOR EXPANSION OF TIME IN WHICH TO FILE COMPLAINT OBJECTING TO DISCHARGE"

DENNIS J. STEWART, Chief Judge.

On August 15, 1988, the time for filing objections to discharge ran out. On August 22, 1988, the movant trustee filed his written motion to expand the time in which to file a complaint objecting to discharge. In that motion, he states "that he has been advised that the debtor herein has been named in a criminal indictment alleging the defrauding of certain persons, to wit: Doug Jones, Vicki Howerton, Wanda Adams, Ruth Thomas, Shirley Lynch and Gladys Tuggle." He neither states the date of the indictment nor the date of his learning of that indictment.

■ The provisions of Rule 4004(b) of the Rules of Bankruptcy Procedure prohibit the court from granting the requested extension. As here pertinent, that rule

---

**4.** See note 1, *supra.*

provides that any motion for an extension of time to object to discharge "shall be made before such time (as is initially fixed for the filing of objections to discharge) has expired." Accordingly, the court has no alternative except to deny the motion for extension of time in which to object to discharge. It is therefore hereby

ORDERED that the movant's "motion for expansion of time in which to file complaint objecting to discharge" be, and it is hereby, denied.

### ORDER DENYING MOVANT'S "MOTION TO ALTER, AMEND OR VACATE THE ORDER DENYING MOVANT'S 'MOTION FOR EXPANSION OF TIME IN WHICH TO FILE COMPLAINT OBJECTING TO DISCHARGE'"

On August 15, 1988, the time for filing objections to discharge ran out. On August 22, 1988, the movant trustee filed his written motion to expand the time in which to file a complaint objecting to discharge. In that motion, he states "that he has been advised that the debtor herein has been named in a criminal indictment alleging the defrauding of certain persons, to wit: Doug Jones, Vicki Howerton, Wanda Adams, Ruth Thomas, Shirley Lynch and Gladys Tuggle." He neither states the date of the indictment nor the date of his learning of that indictment.

The provisions of Rule 4004(b) of the Rules of Bankruptcy Procedure prohibit the court from granting the requested extension. As here pertinent, that rule provides that any motion for an extension of time to object to discharge "shall be made before such time (as is initially fixed for the filing of objections to discharge) has expired." Therefore, on August 25, 1988, this court issued its written order denying the trustee's motion for an extension of time.

Now, however, on September 6, 1988, the trustee has filed a motion to alter or amend the court's former order denying his motion for an extension of time, stating that:

"(N)either the debtor nor her counsel appeared at the section 341 meeting of creditors originally scheduled for June 15, 1988. The first meeting of creditors actually held was July 13, 1988.

"It is the undersigned's understanding that the previous ruling of the Courts of the Western District of Missouri is that the 60–day requirement of Rule 4004(b) is to the effect that the 60 days runs from the first section 341 meeting which is actually held."

According to the letter of Bankruptcy Rule 4004(a), the 60 days within which an objection to discharge may be filed run from "the *first* date *set* for the meeting of creditors ..." (Emphasis added.) The date first set for the meeting of creditors was June 15, 1988. The 60th day thereafter was August 14, 1988, which fell on a Sunday, so that the last date for filing an objection to discharge (or any motion for an extension of time within which to file such an objection) was August 15, 1988.

 In this district, some relief from this absolute deadline is given in the event a meeting of creditors is not actually held when first set. Thus, local rule 5 provides as follows:

"In the event the debtor fails to appear for examination on the date first set for the meeting of creditors, the time for filing objections to discharge and complaints to determine dischargeability of a debt shall automatically be extended for thirty (30) days subsequent to his appearance and the completion of his examination at a continued meeting of creditors."

Under this rule, the 30th day following July 15, 1988, when the meeting of creditors was actually held and concluded, was August 14, 1988, which fell on a Sunday, so that the last date for filing an objection to discharge (or any motion for an extension of time within which to file such an objection) was August 15, 1988.

Accordingly, the motion to alter or amend to order denying the motion for an extension of time must be denied. It is therefore hereby

ORDERED that movant's "motion to alter, amend or vacate the order denying movant's 'motion for expansion of time in

which to file complaint objecting to discharge' " be, and it is hereby, denied.